# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARL MAHAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case no. 4:14cv00076 PLC |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Carl Mahan, a Missouri prisoner, petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief after the Missouri Board of Probation and Parole ("Board") denied Petitioner a parole hearing within a certain period of time in alleged violation of Petitioner's plea agreement. See 28 U.S.C. § 2254. Respondent Jay Cassady[1] counters that: (1) Petitioner did not timely file the petition and (2) the ground for relief lacks merit. For the reasons set forth below the Court[2] dismisses the petition as untimely without addressing the merits of Petitioner's ground for relief.

---

[1] Petitioner properly identified the Warden of the facility where he is incarcerated as Respondent in this case. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 2(a)"). Petitioner also identifies in the caption of his petition the name of the individual who was the Attorney General of the State of Missouri at the time Petitioner filed his petition. The Missouri Attorney General is not, however, properly named as a Respondent in this habeas proceeding because Petitioner is not subject to consecutive sentences imposed in the underlying state criminal case challenged in this habeas proceeding. See Habeas Rule 2(b) (if the challenged judgment may subject the petitioner to future custody, the named respondents must be "both the officer who has current custody and the attorney general of the state where the judgment was entered").

[2] The parties consent to the exercise of jurisdiction by a United States Magistrate Judge under 28 U.S.C. § 636(c).

# Background[3]

## Plea Court Proceedings

In January 1992, Petitioner pleaded guilty to second-degree murder for a shooting occurring in May 1991, and the plea court sentenced Petitioner to life imprisonment.[4] During the change of plea proceeding, Petitioner stated under oath he shot the victim "in the head twice" and agreed with the prosecutor's statement of the facts that would be proved if the case went to trial.[5] The prosecutor also reported the agreement reached through the parties' plea negotiations. Petitioner would plead guilty to:

> the class A felony of felony murder [and] the State would recommend the maximum punishment of life imprisonment, in return for which the State would dismiss the Count[] Two robbery, which also contains the maximum punishment of life imprisonment, and dismiss Count Three, armed criminal action, which is an unclass[ifi]ed felony which has no maximum punishment. Based upon the plea of guilty, it would be the State's intent, if accepted by the Court and finalized here today, to dismiss with prejudice Counts Two and Three.[6]

(alterations and footnote added.) Neither Petitioner nor Petitioner's attorney either contested the prosecutor's recitation of the plea agreement or offered the plea court any different or additional information regarding the parties' plea agreement.[7] Petitioner answered "No, sir" when the plea

---

[3] In addressing the timeliness of the filing of the habeas petition, the Court focuses on the timing of decisions and Petitioner's response to the decisions, rather than the substance or merits of relevant decisions, in the underlying proceedings. Therefore, the Court's summary of the background addresses dates, rather than the content, of relevant decisions in the underlying proceedings.

[4] See State v. Mahan, Jr., No. CR392-2F, Sentence and J. (Dent Cnty. Cir. Ct. filed Jan. 29, 1992), Resp't Ex. H, at A-1 to A-2; Id., Tr. of Jan. 29, 1992 Plea and Sentencing, Resp't Ex. H at B-1 to B-53.

[5] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 24 and 26-28, Resp't Ex. H at B-25, B-27 to B-29 (Dent Cnty. Cir. Ct.).

[6] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 28-29, Resp't Ex. H at B-28 to B-29 (Dent Cnty. Cir. Ct.).

[7] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 23-24, 29, Resp't Ex. H at B-24 to B-25 and B-30 (Dent Cnty. Cir. Ct.).

court asked him whether "any threats or promises [had] been made to [Petitioner] to induce [him] to plead guilty."[8] Furthermore, when the plea court asked Petitioner if "anyone made any promise about the sentence [he was] to receive," Petitioner responded, "No, sir."[9] After advising Petitioner of the rights that he waived by pleading guilty, and following Petitioner's admission that he shot the victim twice in the head, the plea court: (1) found Petitioner's plea of guilty was "made freely, voluntarily, and intelligently with full understanding of the charges, and consequences of the plea and with understanding of his rights attending a jury trial and the effects of a plea of guilty on those rights"; (2) concluded there was a factual basis for the plea; and (3) accepted the plea.[10] The plea court sentenced Petitioner, in accordance with the parties' agreement, to a term of life imprisonment.[11]

The plea court then asked Petitioner about his attorney's representation.[12] In particular, the plea court asked whether, prior to the plea, Petitioner had sufficient opportunity to discuss the case with his attorney and whether his attorney "[h]a[d] done everything within the law that

---

[8] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 22, Resp't Ex. H at B-23 (Dent Cnty. Cir. Ct.).

[9] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 22, Resp't Ex. H at B-23 (Dent Cnty. Cir. Ct.).

[10] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 30-31, Resp't Ex. H at B-31 to B-32 (Dent Cnty. Cir. Ct.).

[11] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 31-32, Resp't Ex. H at B-32 to B-33 (Dent Cnty. Cir. Ct.).

[12] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 39-42, Resp't Ex. H at B-40 to B-43 (Dent Cnty. Cir. Ct.).

[Petitioner] ha[d] requested him to do."[13] Petitioner responded affirmatively.[14] The plea court also asked Petitioner whether his attorney threatened Petitioner to induce his guilty plea.[15] Petitioner denied any threats.[16] The plea court noted that Petitioner had "changed his mind" during an earlier change of plea proceeding.[17] Based on Petitioner's responses, and his acknowledgement, including specifically that he had nothing to "add concerning the assistance [he] received from [his] attorney," the plea court found there was no probable cause that Petitioner had received ineffective assistance of counsel.[18] Petitioner did not file either a direct appeal or a motion for post-conviction relief under Mo. S. Ct. Rule 24.035.[19]

### Missouri Board of Probation and Parole Proceedings[20]

In May 2004, the Missouri Board of Probation and Parole ("Board") conducted Petitioner's first parole hearing, denied Petitioner parole, and scheduled Petitioner's next parole

---

[13] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 39-42, Resp't Ex. H at B-40 to B-43 (Dent Cnty. Cir. Ct.).

[14] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 39-42, Resp't Ex. H at B-40 to B-43 (Dent Cnty. Cir. Ct.).

[15] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 42, Resp't Ex. H at B-43 (Dent Cnty. Cir. Ct.).

[16] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 42, Resp't Ex. H at B-43 (Dent Cnty. Cir. Ct.).

[17] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 42, Resp't Ex. H at B-43 (Dent Cnty. Cir. Ct.).

[18] State v. Mahan, Jr., No. CR392-2F, Tr. of Jan. 29, 1992 Plea and Sentencing at 44-445, Resp't Ex. H at B-45 and B-46 (Dent Cnty. Cir. Ct.).

[19] Pet'n at 2-3, Resp. at 4.

[20] No decisions of the Missouri Board of Probation and Parole ("Board") are available of record. Neither party contests the absence of those materials from the available record. The Court summarizes the information regarding the Board's decisions based on the parties' undisputed representations and information in other materials available of record.

hearing for 2009.[21] Three years later, in August 2007, Petitioner filed a motion with the Board seeking an earlier hearing and asserting that waiting five years before conducting another parole hearing "exceeded [the Board's] authority."[22] The Board rescheduled Petitioner's second parole hearing for September 2007, denied Petitioner parole at that time, and scheduled another hearing for September 2009.[23]

At the third parole hearing in September 2009, the Board denied Petitioner parole and scheduled another hearing for 2014, or five years later.[24] Over one year later, in 2011, Petitioner asked the Board to advance his next hearing from five years to two years after his 2009 hearing, based on "14 CSR 80-2.010(11)(D)(1991)," the regulation Petitioner argued applied to him.[25] The Board refused to advance his 2014 hearing date.[26]

### State Habeas Proceedings

In November 2012, Petitioner filed a habeas petition in the Cole County Circuit Court challenging the Board's 2009 decision.[27] The circuit court denied Petitioner's state habeas

---

[21] Pet'r State Habeas Pet'n filed in Cole Cnty, Resp't Ex. A, at 3.

[22] See Pet'r Pet'n at 8 [ECF No. 1]; Resp't Resp. at 11 [ECF No. 11]; see also Pet'r State Habeas Pet'n filed in Cole Cnty, Resp't Ex. A, at 3.

[23] Pet'r Pet'n at 8; Pet'r State Habeas Pet'n filed in Cole Cnty, Resp't Ex. A, at 3.

[24] Pet'r Pet'n at 8; Pet'r State Habeas Pet'n filed in Cole Cnty, Resp't Ex. A, at 3.

[25] Pet'r Pet'n at 8; Pet'r State Habeas Pet'n filed in Cole Cnty, Resp't Ex. A, at 3.

[26] Pet'r Pet'n at 8; Pet'r State Habeas Pet'n filed in Cole Cnty, Resp't Ex. A, at 3.

[27] Mahan v. Norman, No. 12AC-CC00762 (Cole Cnty. Cir. Ct. filed Nov. 16, 2012) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited September 28, 2017)); see also Resp't's Ex. A.

petition on February 25, 2013.[28] In March 2013, Petitioner filed a habeas petition in the Missouri Court of Appeals for the Western District.[29] The Missouri Court of Appeals denied Petitioner's state habeas petition on May 15, 2013.[30] Petitioner filed a third habeas petition in the Missouri Supreme Court in June 2013.[31] The Missouri Supreme Court denied Petitioner's state habeas petition on October 29, 2013.[32]

## Federal Habeas Proceeding

On December 30, 2013, Petitioner filed his federal habeas petition, presenting one ground for relief containing two claims. Petitioner claimed the Board's scheduling of his parole hearings less frequently than every two years violated his right to due process. First, Petitioner contended the scheduling of parole hearings less frequently than every two years after a parole hearing violated his plea agreement because:

> the . . . inducement for Petitioner's acceptance of th[e] plea agreement was that Missouri law stated he would be eligible for parole after serving fifteen years, and if parole w[as] denied . . . at his initial parole hearing, he would be seen every two years by the [Board] until a release date was established. See 14 CSR 80-2.010(11)(D) (1991).[33]

---

[28] Mahan v. Norman, No. 12AC-CC00762 (Cole Cnty. Cir. Ct. filed Nov. 16, 2012) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited September 28, 2017)); see also Resp't's Ex. D.
[29] In re Mahan v. Norman, No. WD76242 (Mo. App. filed Mar. 25, 2013) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited September 28, 2017)); see also Resp't Ex. E.
[30] In re Mahan v. Norman, No. WD76242 (Mo. App. filed Mar. 25, 2013) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited September 28, 2017)); see also Resp't Ex. F.
[31] State ex rel. Carl Mahan, No. SC93474 (Mo. filed June 19, 2013) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited September 28, 2017)); see also Resp't Ex. G.
[32] State ex rel. Carl Mahan, No. SC93474 (Mo. filed June 19, 2013) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited September 28, 2017)); see also Resp't Ex. J.
[33] Pet'r Pet'n at 7 [ECF No. 1].

(Footnote added.) Additionally, Petitioner asserted that scheduling parole hearings less frequently than every two years rendered his guilty plea involuntary because his attorney had given him incorrect information about the frequency of his parole hearings. Specifically, Petitioner contended his attorney:

> assured [him] on several occasions that he would receive these implicit benefits from the plea-agreement because that's what Missouri law stated and[,] even if the law w[as] later changed that the new law would not apply to him because the laws concerning parole that were in effect at the time the plea-agreement was made were locked in because the plea-agreement carried the same weight as a contract under law, and once set, the terms could not be changed to make . . . his opportunity to make parole more difficult.[34]

(Alterations and footnote added.)

Respondent counters that the Court must dismiss the petition as untimely and Petitioner's ground for relief lacks merit with regard to both claims.

## Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners have one year to file their petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). If a petitioner does not timely file a federal habeas petition, then a court dismisses the petition. See Cross-Bey v. Gammon, 322 F.3d 1012 (8th Cir. 2003) (reversing and remanding for dismissal of the habeas petition as not timely filed); Kreutzer v. Bowersox, 231 F.3d 460 (8th Cir. 2000) (affirming denial of a federal habeas petition on the ground it was not timely filed even though district court denied the petition for a different reason). The United States Court of Appeals for the Eighth Circuit reviews the court's timeliness decision *de novo*. Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002) (reversing dismissal of petition due to untimeliness).

---

[34] Pet'r Pet'n at 7-8 [ECF No. 1].

7

The one-year limitation period runs, in relevant part, from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, the "factual predicate" of Petitioner's claims is the September 2009 decision of the Board to schedule Petitioner's next hearing for 2014. This "factual predicate" was clearly available to and discoverable by Petitioner at the time the Board made its September 2009 decision, because Petitioner does not contend that he lacked access to, notice of, or knowledge about that decision at any time after the Board issued the decision. Because the date of the Board's September 2009 decision is not available of record, the Court assumes for purposes of this decision that the Board issued that decision on September 30, 2009. Therefore, for a timely filing under Section 2244(d)(1), Petitioner needed to file his federal habeas petition one year after September 30, 2009, or by October 1, 2010.

Petitioner did not file this federal habeas proceeding by October 1, 2010. Instead, Petitioner filed his federal habeas petition in December 2013, or over four years after the Parole Board's 2009 decision. While Petitioner failed to file his federal habeas petition within one year of the Board's September 2009 decision, the AEDPA's one-year limitations period may be tolled either statutorily or equitably.

Under the AEDPA, the one-year limitation period is statutorily tolled for the time during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending." 28 U.S.C. § 2244(d)(2). In other words, the time during which a properly-filed application for a State's "other collateral review" does not "count toward any period of limitation." Id.

Properly-filed state habeas proceedings qualify as "other collateral review" under 28 U.S.C. Section 2244(d)(2). Polson v. Bowersox, 595 F.3d 873 (8th Cir. 2010). To statutorily toll

the AEDPA's one-year limitation period, however, the state habeas proceedings must be filed before expiration of the AEDPA's one-year limitation period. Id. at 875-76; see also Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). Because Petitioner in this habeas proceeding challenges the Board's September 2009 decision, Petitioner needed to file a state habeas petition challenging that decision by October 1, 2010.

Petitioner's first state habeas petition challenging the Board's 2009 decision was not filed until 2012, or more than one year after the 2009 decision. Therefore, neither that state habeas proceeding, nor Petitioner's subsequently filed state habeas proceedings statutorily tolled the AEDPA's one-year period for the timely filing of this federal habeas proceeding.

While not mentioned by either party, the one-year period under Section 2244(d)(1) may also be extended through equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling, however, provides only "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). A petitioner seeking the benefit of equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" to prevent timely filing. Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The extraordinary circumstance that prevents a petitioner from timely filing his federal [habeas] application must be external to the petitioner and not attributable to his actions." Johnson v. Hobbs, 678 F.3d 607, 611 (8th Cir. 2012).

Petitioner has not demonstrated that an "extraordinary circumstance" stood in his way to prevent him from timely filing his federal habeas petition. Petitioner provides no explanation for the delays in pursuing his state habeas proceedings or more importantly for waiting more than a

9

year after the Board's 2009 decision to seek relief from that decision. Under the circumstances, equitable tolling is inapplicable.

Finally, although not mentioned by the parties, in rare instances the AEDPA's one-year limitations period can be overcome by a "convincing" claim of actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 1935 (2013). This miscarriage of justice exception to the AEDPA's one-year limitation period requires a petitioner to present a credible claim of actual innocence based on new evidence and to "show that it is more likely than not that no reasonable [fact-finder] would have convicted him in the light of the new evidence." Id. (quoting Schlup v. Delo, 513 U.S. 298 (1995) (internal quotation marks omitted)). Petitioner does not claim that he is innocent.

## Certificate of Appealability

To the extent Petitioner should obtain, under 28 U.S.C. Section 2253(c)(2), a certificate of appealability before appealing this decision to the United States Court of Appeals for the Eighth Circuit, the Court need not issue a certificate. To obtain a certificate when, as here, the district court resolves the federal habeas petition without addressing the merits of the claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further, [and] no appeal would be warranted," when a district court is correct in disposing of the case on the procedural issue. Id. Under the circumstances, a reasonable jurist could not either find it debatable or conclude that Petitioner timely filed his federal habeas petition, and could not

conclude that Petitioner should be allowed to proceed further. The Court will not issue a certificate of appealability.

## Conclusion

Petitioner filed his federal habeas action beyond the one-year limitation period set forth in 28 U.S.C. Section 2244(d)(1). An extension of the limitation period is not warranted under statutory or equitable tolling principles, and is not available under the miscarriage of justice exception to the AEDPA's limitation provision. Because Petitioner clearly filed an untimely federal habeas petition, the Court need not address the merits of Petitioner's ground for relief. Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Petitioner's Petition is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_/s/ Patricia L. Cohen_
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of September, 2017